```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,               )
                              )    Criminal Case No.
v.                            )    09-cr-55-JMH-REW-1
                              )
STEVEN CHRISTOPHER CHANEY,    )
                              )
     Defendant.               )    MEMORANDUM OPINION AND ORDER
                              )

                              ***
```

This matter is before the Court upon Defendant's Motion to Alter or Amend Judgment [DE 59] and Motion for Order Reversing Case [DE 63], which the Court understands to be a second motion to withdraw his guilty plea.[1]  For the reasons set forth below, his motions will be denied.

**I.**

Defendant Chaney has seen a host of trouble.  He was convicted of burglary on three separate occasions, in Madison, Clark, and Lee Counties, in 2007 and 2008.  Then, while serving parole for those convictions, he was charged with involvement in a robbery.  While being transported from the Madison Circuit Courthouse after a March 4, 2009, appearance on those robbery charges, he broke free from a deputy sheriff, took the deputy's

---

[1] Defendant has filed what appears to be an identical Motion for Order Reversing Case [DE 64].  The Court will deny this motion as moot, in light of its decision with respect to the first filed Motion for Order Reversing Case [DE 63].

firearm, and pointed the firearm at the deputy. A federal grand jury handed down an indictment against Chaney for violating 18 U.S.C. § 822(g)(1), as a convicted felon in possession of a firearm with respect to the March 4, 2009, incident.

In order to facilitate the federal proceedings against Chaney, the United States District Court issued a writ of habeas corpus ad prosequendum, and the Commonwealth transferred Chaney to the custody of the United States Marshals Service on April 22, 2009. At the time of his rearraignment on the federal charges, on October 29, 2009, he represented to the Court that he was entering into a guilty plea, in part, because a state prosecutor had agreed to ask the state court to run his sentence in his state case concurrent with any sentence received in the federal proceedings. The United States confirmed this, and counsel indicated that she felt that any failure on the part of the state prosecutor to do so would be grounds to withdraw his guilty plea before the federal district court. He was then sentenced by United States District Judge Jennifer B. Coffman, now retired, on January 28, 2010, and "committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of . . . ONE-HUNDRED EIGHTY (180) MONTHS." [DE 32 at 2; Page ID#: 118.] There was no mention of whether the federal sentence would run concurrent with or consecutive to any state sentence to be imposed.

Chaney was returned to the custody of the Commonwealth of Kentucky on February 11, 2010, pending further proceedings before the Madison Circuit Court. A federal detainer was lodged so that he would be returned to federal custody by Commonwealth officials when he was released from state custody. Eventually, on February 18, 2010, he pleaded guilty to a charge of First Degree Robbery before the Madison Circuit Court and was sentenced to a ten year period of incarceration, "[t]o run concurrent with his federal sentence that he is currently serving[.]" [Final Judgment and Sentence of Imprisonment, Madison Circuit Court Case No. 09-cr-00122-001, DE 63-1 at p. 2.]

Defendant was incarcerated by the Kentucky Department of Corrections at that time. Because he committed the robbery while on parole for the earlier crimes, the Department of Corrections concluded that his new state sentence had to run consecutive to the previous state sentences in keeping with KRS 533.060(2). Thus, it appears that his parole violation prompted additional time in custody on those sentences, as well. In determining the extent of his time in state custody, the Kentucky Department of Corrections provided him with institutional credit for the time that he was in the custody of the United States Marshals Service for proceedings before the federal court, from April 22, 2009, through February 11, 2010,

3

because the state determined that he was still technically in Kentucky Department of Corrections custody during that time for the purposes of calculating his time served.  The Department of Corrections also determined that he had not yet begun serving his federal sentence, and, thus, there was no opportunity for "concurrent" running of federal and state sentences at that time.  On April 16, 2012, he was paroled to the federal detainer and commenced serving his federal sentence.

## II.

In his first motion, he asks the Court to amend the judgment entered in this matter on January 28, 2010, to reflect that the sentencing judge in this Court intended for his state and federal sentences (for burglary and possession of a firearm by a convicted felon, respectively) to run concurrently for a period of fifteen years.  His motivation for seeking this relief appears to be the fact that he has not received custody credit from the Bureau of Prisons for the period of just over two years served in a state prison on his state sentence after he was returned to the custody of the Commonwealth of Kentucky following sentencing before this Court.  In his second motion, he argues that he should be permitted to withdraw his plea because he accepted the plea agreement conditioned on the state prosecutor's promise that his state sentence would run concurrently with any federal time served.

4

The record shows that the sentencing judge in this matter denied a motion to withdraw Chaney's plea, styled a motion to reverse the case, by order [DE 37] dated April 21, 2010, on the grounds that Chaney did not state sufficient grounds to justify the withdrawal of his guilty plea because he did receive "concurrent time in state court." As promised, the judgment in Madison Circuit Court Case Number 09-cr-00122-001 provided that his period of incarceration on the state charge was to run concurrently with any federal time that he "[was] currently serving." Further, Chaney received credit for time that he was held by the U.S. Marshal's pending sentencing for this matter because the Commonwealth considered him "a state inmate when [he was] out to Court with the US Marshal Service." [Letter from S. Perkins to S. Chaney, dated June 8, 2010, DE 64-1.] He did not appeal this Court's April 21, 2010, Order and, from this Court's perspective, it is final. There is no reason to revisit that decision at this time.

Further, the Court will not amend his sentence to reflect that his state and federal sentences should run concurrently for a period of fifteen years. First and foremost, any request to amend his sentence is well out of time in light of Federal Rule of Criminal Procedure 35 ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). Further, even if his motion

was timely, the state prosecutor and the state sentencing judge provided him with what was agreed upon and the state sentence reflected that it was to run concurrently with his federal sentence. Unfortunately for Chaney, one does not commence serving one's federal sentence until one is transferred into federal custody, which occurred in this matter on April 16, 2012. *See* 18 U.S.C. § 3585 ("A sentence to a term of imprisonment commences on the date the defendant is received in custody waiting transportation to . . . the official detention facility at which the sentence is to be served.").

Thus, while Chaney may feel cheated of an opportunity to serve the entirety of his state sentence concurrent with a portion of his federal sentence because of how the situation has played out, with a two year period of state custody served prior to being paroled to a federal detainer on April 16, 2012, this is not an adequate reason to provide him relief before this Court. The sentencing judge was aware of the agreement by and between Defendant and the state prosecution but did not see fit to include language concerning concurrent sentences in the judgment in this matter. That was not a condition of his guilty plea. Rather, the Madison Circuit Court entered a judgment which was in keeping with the condition upon which Chaney entered into his guilty plea before this Court. It was up to the Commonwealth to transfer him to federal custody to commence

any concurrent term of incarceration at the correct time and up to Chaney to seek any relief to effect relief in the state corrections system in a timely fashion.

Accordingly, **IT IS ORDERED:**

(1) that Defendant's Motion to Alter or Amend Judgment [DE 59] is **DENIED;**

(2) that Defendant's Motion for Order Reversing Case [DE 63] is **DENIED;** and

(3) that Chaney's duplicate Motion for Order Reversing Case [DE 64] is **DENIED AS MOOT**.

This the 8th day of February, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge