UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Case No. |
| v. ) | 09-cr-55-JMH-1 |
| ) | |
| STEVEN CHRISTOPHER CHANEY, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |

\*\*\*

This matter is before the Court upon Defendant's third Motion to for Appointment of Counsel [DE 71] in which he again seeks the aid of counsel in pursuing a "*Johnson*-based attack" on his sentence.[1] The Court again declines to appoint counsel to assist Defendant in a futile effort.

A petitioner in a habeas proceeding has no constitutional right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005)(citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). Title 18 of the United States Code, Section 3006A(a)(2)(B), provides that when a petitioner is seeking relief under § 2255,

---

[1] The Court denied Chaney's earlier requests for appointment of counsel on October 28, 2015 [DE 58] and July 7, 2016 [DE 69].

"representation *may* be provided" when "the interests of justice so require." *Id.* (emphasis added).

In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2555-2563. The problem facing Defendant is that in the instant case, he was not sentenced under the residual clause of the ACCA. Rather, he was sentenced under the enumerated offenses clause of the ACCA because he had three prior convictions under Kentucky law for burglary, second. The Sixth Circuit has already determined that second degree burglary in Kentucky is a violent felony under the enumerated offenses clause in § 924(e)(2)(B)(ii) and that there is no need to rely on the residual clause to determine if second degree burglary is a predicate offense. *U.S. v. Jenkins*, 528 F. App'x 483, 484-85 (6th Cir. 2013).

The Supreme Court's decision in *Johnson* did "not call into question application of the [ACCA] to the four enumerated offenses [preceding the residual clause], or the remainder of the Act's definition of a violent felony." *United States v. Taylor*, 800 F.3d 701, 717 (6th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 2563). There is no relief available to defendant under *Johnson*, and, thus, the "interests of justice" do not require appointment of counsel.

2

Accordingly, **IT IS ORDERED** that Defendant's Motion to for Appointment of Counsel [DE 71] is **DENIED**.

This the 22nd day of August, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge