UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Case No. |
| v. ) | 09-cr-55-JMH-1 |
| ) | |
| STEVEN CHRISTOPHER CHANEY, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |

\*\*\*

This matter is before the Court upon Defendant's fourth Motion to Appoint Counsel "and Construed as 2255 Motion Emergency Ruleing [*sic*] And Order" [DE 74] in which he again seeks the aid of counsel in pursuing what is, essentially, a "*Johnson*-based attack" on his sentence, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016).[1] The Court again declines to appoint counsel to assist Defendant in a futile effort.

A petitioner in a habeas proceeding has no constitutional right to counsel. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005) (citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)). Title 18 of the United States Code, Section 3006A(a)(2)(B), provides that when a petitioner is seeking relief under § 2255,

---

[1] The Court denied Chaney's earlier requests for appointment of counsel on October 28, 2015 [DE 58], July 7, 2016 [DE 69], and August 22, 2016 [DE 73].

"representation *may* be provided" when "the interests of justice so require." *Id.* (emphasis added).

In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. *Johnson v. United States*, 135 S. Ct. 2551, 2555-2563 (2015). The problem facing Defendant is that in the instant case, he was not sentenced under the residual clause of the ACCA. Rather, he was sentenced under the enumerated offenses clause of the ACCA because he had three prior convictions under Kentucky law for burglary, second. The Sixth Circuit has already determined that second degree burglary in Kentucky is a violent felony under the enumerated offenses clause in § 924(e)(2)(B)(ii) and that there is no need to rely on the residual clause to determine if second degree burglary is a predicate offense. *United States v. Jenkins*, 528 F. App'x 483, 484-85 (6th Cir. 2013) (explaining that "Kentucky law is narrower than the generic crime described in *Taylor*—proscribing entry into a 'dwelling' as opposed to any 'building or other structure'—that takes it closer to the common-law definition of the crime) (citing *Taylor v United States,* 495 U.S. 575, 598-99 (1990)).

*Mathis v. United States*, upon which Defendant relies in this iteration of his request for relief, teaches that "[a]

2

crime counts as 'burglary' under the [ACCA] if its elements are the same as, or narrower than, those of the generic offense." *Mathiss*, 136 S. Ct. at 2248; *see United States v. Barnett*, No. 06-CR-71-JMH-1, 2016 WL 3983318, at *2 (E.D. Ky. July 25, 2016) (applying *Mathis* and recognizing that burglary, 3d degree, under Kentucky law does not categorically qualify as generic burglary and would not qualify as a predicate offense under the residual clause of the ACCA in light of *Mathis*).

The Supreme Court's decisions in *Johnson* and *Mathis* did "not call into question application of the [ACCA] to the four enumerated offenses [preceding the residual clause], or the remainder of the Act's definition of a violent felony." *United States v. Taylor*, 800 F.3d 701, 717 (6th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 2563). Where burglary, 2d degree, under Kentucky law is defined more narrowly than the generic crime of burglary, as explained above, there is no relief available to defendant under *Johnson* or *Mathis*, and, thus, the "interests of justice" do not require appointment of counsel.

Accordingly, **IT IS ORDERED:**

(1) that Defendant's Motion to for Appointment of Counsel [DE 74] is **DENIED** and

(2) that, to the extent that Chaney has indicated that he seeks to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2255, the Clerk of this Court

3

shall transmit his pleading to the Clerk of the United States Court of Appeals for the Sixth Circuit for further proceedings in that regard.

This the 12th day of October, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge