```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   | |
| Plaintiff,   )   | |
| )   | Criminal Case No. |
| v.   )   | 09-cr-55-JMH-1 |
| STEVEN CHRISTOPHER CHANEY,   )   | |
| Defendant.   )   | **MEMORANDUM OPINION AND ORDER** |

\*\*\*

This matter is before the Court upon Defendant's "Emergency Expedite Motion to Vacate Order Pursuant to 60(b)(4)" [DE 76] in which he asks the Court to vacate its July 15, 2011, Memorandum Opinion and Order dismissing his petition under 28 U.S.C. § 2255 with prejudice. He argues that the Court's Memorandum Opinion and Order is void because the Court was without subject matter jurisdiction to consider his motion. He reasons that, since he was not transferred from state to federal custody until April 16, 2012, he was not "in federal custody" on July 15, 2011, as required by 28 U.S.C. § 2255.

As an initial matter, Chaney's Motion under Fed. R. Civ. P. 60(b)(4) is untimely since he waited almost six years to seek relief, and the Court could deny it on this ground alone. *See* Fed. R. Civ. P. 60(c) (1) ("A motion under Rule 60(b) must be made within a reasonable time. . ."). That said, assuming that

Chaney's account of his custodial situation is correct, there is still no merit to his motion. 28 U.S.C. § 2255 requires that a prisoner be "in custody under sentence of a court established by Act of Congress," which courts have held to include situations where an individual faces future custody on the federal sentence under attack – meaning that the corrections process has not yet ended – even if they are in custody of another sovereign at the time that the § 2255 motion is filed. *See Ward v. Knoblock*, 738 F.2d 134, 139 (6th Cir. 1984). "An individual may challenge a sentence under § 2255 which he has not yet started to serve because a pending incarceration is a meaningful restraint." *Williams v. Perez*, 56 F. App'x 637, 638 (6th Cir. 2002) (citing *Ward*, 738 F.2d at 139).

Accordingly, **IT IS ORDERED** that Defendant's "Emergency Expedite Motion to Vacate Order Pursuant to 60(b)(4)" [DE 76] is **DENIED**.

This the 15th day of February, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge