UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:09-cr-55-JMH-1 |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| STEVEN C. CHANEY, | ) | **AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\*

This matter is before the Court on the Motion for Compassionate Release of Defendant Steven Christopher Chaney ("Chaney"). [DE 84]. Specifically, Chaney, a federal prisoner proceeding pro se, requests that he be released from his incarceration, or, otherwise, that this Court reduce his sentence. [*Id.*]. Chaney contends that this Court should grant his motion for compassionate release because there are extraordinary and compelling reasons to do so. [*Id.*]. The United States has responded to Chaney's motion [DE 88], and Chaney subsequently filed a reply [DE 90].

Chaney has also filed a motion for an evidentiary hearing [DE 93], and a motion to introduce additional evidence in support of compassionate release [DE 92]. Given the nature of these additional motions, the Court will consider them along with Chaney's motion for compassionate release. Finally, Chaney has

requested a non-binding recommendation from this Court to the Bureau of Prisons ("BOP") for home confinement. [DE 94].

This Court has reviewed the subject motions and the United States response. Accordingly, this matter is ripe for adjudication. Upon review of the motions, and being otherwise sufficiently advised, Chaney's motion for compassionate release [DE 84], motion to file additional evidence [DE 92], motion for an evidentiary hearing [DE 93], and request for a recommendation [DE 94] are denied for the reasons set forth below.

## I. PROCEDURAL & FACTUAL BACKGROUND

Steven Chaney is currently serving a 180-month sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [DE 32]. On March 4, 2009, Chaney disarmed a Madison County Deputy Sheriff while being transported from a court appearance; and after obtaining control of the deputy's firearm, Chaney proceeded to point it at the deputy and other inmates awaiting transportation. [DE 67]. Chaney then fled on foot before being apprehended by other law enforcement authorities. [*Id.* at 5].

Following Chaney's arrest, the United States filed a notice of enhanced penalty based on Chaney's three prior burglary convictions. [DE 8]. Based on Chaney's prior convictions, his offense carried a sentence enhancement and statutory minimum penalty of not less than 180 months or more than life imprisonment.

2

[DEs 8, 88]. As a result, Chaney received a career offender level of 31, a criminal history category of VI, and an advisory sentencing guideline range of 188 months to 235 months imprisonment [DE 67 at 6-9]. Pursuant to a plea agreement, Chaney was sentenced to 180-months imprisonment, to be followed by five years of supervised release. [DEs 31, 32]. Since then, following a recommendation by this Court to have his federal sentence run concurrently with his state sentence, the BOP recalculated Chaney's release date from August 6, 2025 to January 27, 2023. [DE 88 at 7; DE 83].

On March 9, 2020, Chaney filed a request for compassionate release with the warden of the United States Penitentiary in Tucson, Arizona, where he is currently incarcerated. [DE 84 at 2]. However, on April 1, 2020, the Warden administratively denied Chaney's request. [DE 84-1 at 2]. As a result of the Warden's denial of his request, Chaney filed the instant motion on April 14, 2020, requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A), or in the alternative, a reduction in sentence under 18 U.S.C. § 3582(c)(2). [DE 84]. Since then, Chaney has also filed motions to introduce evidence at an evidentiary hearing [DEs 92, 93], and requested that this Court recommend him for home confinement. [DE 94]. Each of Chaney's motions shall be discussed in turn.

## II.  DISCUSSION

**A. Compassionate Release Pursuant to § 3582(c)(1)**

In his motion for compassionate release, Chaney claims that there are "extraordinary and compelling" reasons for this Court to grant his request for early release. [DE 84]. In particular, Chaney maintains three different reasons to justify compassionate release: his young age at the time of his convictions, his rehabilitation efforts while in prison, and the failing health of his mother and grandparents. [*Id.* at 2]. The United States disagrees. The government argues that Chaney's claims do not demonstrate extraordinary and compelling reasons recognized by the United States Sentencing Guidelines ("USSG"). [DE 88]. The Court agrees.

Prior to 2018, only the BOP could move a district court under § 3582(c)(1)(A) for the compassionate release of a federal prisoner. On December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A), giving defendants the opportunity to directly request compassionate release based on "extraordinary and compelling reasons," and to appeal the BOP's denial of compassionate release. Pub. L. No. 115-391, § 603(b). The amendment provides prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt. . . of

such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).

While the Court may modify a sentence for extraordinary and compelling reasons, it may only do so if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). The language of "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *See United States v. Lake*, No. 5:16-CR-76, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (*quoting United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019)).

The United States Sentencing Commission policy statement discussing compassionate release requires the following: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors. U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018). The application notes further define "extraordinary and compelling" reasons, stating:

> 1. Extraordinary and Compelling Reasons. —Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>     (A)  Medical Condition of the Defendant.—

5

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,
        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)   Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)   Family Circumstances.

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, n. 1.

As a threshold matter, in order to be considered for compassionate release under 18 U.S.C. § 3582(c)(1), a defendant must first exhaust all administrative remedies. Here, Chaney argues, and the United States does not dispute, that Chaney has sufficiently exhausted all administrative remedies following the warden's denial. [DE 84 at 4; DE 88]. Pursuant to the BOP's administrative remedy program, an inmate who is not satisfied with the warden's response may appeal it to the regional director of the BOP within 20 days. 28 C.F.R. § 542.15(a). However, the Sixth Circuit has held that "prisoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them." *United States v. Alam*, 960 F.3d 831, 834-35 (6th. Cir. 2020). Whether a prisoner must appeal a warden's denial through the BOP's administrative process before bringing a motion to court has been the subject of varying interpretations since *Alam*. *See, e.g., United States v. Crawford*, No. 2:18-cr-00075-3, 2020 WL 3869480, at *2 (S.D. Ohio July 9, 2020) (holding that an inmate need not appeal the warden's denial before file a motion in court); *Cf. United States v. Smitha*,

7

No. 5:13-109-KKC, 2020 WL 3799224 (E.D. Ky. July 7, 2020) (holding that a warden's denial of compassionate release must be appealed through the administrative remedy program in order to meet § 3582's exhaustion requirement). Nevertheless, since the government does not challenge it, the Court will assume that Chaney has exhausted all necessary administrative remedies and consider the merits of his motion for compassionate release.

In his motion for compassionate release, Chaney concedes that his circumstances do not involve any of the specific reasons described by the USSG application notes in § 1B1.13. [DE 84 at 6]. To be sure, Chaney does not seek release because of his own medical conditions; rather, Chaney cites the declining health of his mother and his elderly grandparents. [DE 84]. As noted, family circumstances relevant to compassionate release include (1) death or incapacitation of the caregiver of the defendant's minor child or minor children; or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. § 1B1.13, cmt. n. 1. These family circumstances are limited, and courts have declined to grant compassionate release based on family circumstances not set forth in the policy guidelines. *See, e.g., United States v. Marshall*, No. 3:16CR-00004-JHM, 2020 WL 114437 (W.D. Ky. Jan. 9, 2020) (declining health of defendant's grandfather does not qualify as an extraordinary or compelling

8

reason for compassionate release); *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). Thus, while the failing health of Chaney's mother and grandparents is unfortunate, the circumstances here fail to demonstrate extraordinary and compelling reasons as contemplated by the USSG or other courts.

Although the Court may consider "other reasons" that might justify early release, Chaney fails to demonstrate such reasons. The BOP has defined "other reasons" for the Court to consider in Program Statement 5050.50. In particular, Program Statement 5050.50 states that the defendant must (1) be 65 years of age or older; (2) suffer from a chronic or serious medical condition related to the aging process; (3) be experience deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility; (4) conventional treatment does not promise substantial improvement for his medical conditions and deteriorating health; and (5) served at least 50% of his sentence. *See* Program Statement 5050.50; *see* https://www.bop.gov/policy/progstat/5050_050_EN.pdf (Jan. 17, 2019), at *6. The Bureau of Prisons explains that the following factors should be considered if a person meets the first five criteria above:

- The age at which the inmate committed the current offense.

9

- Whether the inmate suffered from these medical conditions at the time the inmate committed the offense.

- Whether the inmate suffered from these medical conditions at the time of sentencing and whether the Presentence Investigation Report (PSR) mentions these conditions.

*Id.* at 6.

Here, Chaney has not identified any additional considerations that fall within those expressed by the BOP and fails to meet any of the criteria listed within Program Statement 5050.50. First, Chaney is 31 years old, well under the age of 65. [DE 84 at 14]. Nor does he indicate that he suffers from any terminal, chronic or serious medical condition. [*Id.*]. Likewise, Chaney has failed to demonstrate that his ability to function in the correctional facility is substantially diminished. [*Id.*].

Chaney maintains that the Court has wide-latitude to consider any factors beyond those in the Program Statement because it has remained unchanged since the First Step Act of 2018 went into effect. [DE 84 at 8-10]. He also argues the Court should also consider his young age at the time of his conviction and his post-sentencing rehabilitation efforts. [*Id.* at 14-15]. Further, Chaney contends that his sentence is unusually long because if sentenced today, his sentence would be shorter. [*Id.* at 16-23].

It is true, as Chaney notes, that the Sentencing Guidelines have not been amended since the passage of the First Step Act of 2018. However, while some courts have held that defendants

themselves may specify "other reasons" for relief that are not explicitly considered by the BOP since the passage of the First Step Act, this Court has consistently followed the continued authority of § 1B1.13. *See United States v. Washington*, No. 13-02-DCR, 2019 WL 6220984, at *1-2 (E.D. Ky. Nov. 21, 2019); *United States v. Lake*, No. 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019); *United States v. Singleton*, No. CR 5:13-8-KKC, 2020 WL 2319694, at *2 (E.D. Ky. May 11, 2020); *United States v. Hickman*, No. CR 6:15-42-KKC, 2020 WL 2838544, at *2-3 (E.D. Ky. June 1, 2020). Furthermore, the purpose of compassionate release is to consider extraordinary or compelling circumstances that could not have been reasonably foreseen at the time of sentencing. *Lake*, 2019 WL 4143293, at *4. Here, in addition to the seriousness of his offense and prior convictions, the Court considered the Defendant's age in determining his original sentence.

Chaney's rehabilitative efforts, though commendable, are not sufficient enough by themselves to provide extraordinary and compelling reasons for early release. *See Washington*, 2019 WL 6220984, at *2. Chaney's rehabilitation, family circumstances, and age at the time of sentencing do not fall within any of the reasons set by the sentencing guidelines or application notes recognized by this Court as extraordinary and compelling reasons for early release. Accordingly, because Chaney fails to meet any of the criteria for early release, his § 3582(c)(1) motion is denied.

11

**B. Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)**

In addition to the above considerations, Chaney's motion for compassionate release also cites 18 U.S.C. § 3582(c)(2), which concerns reductions of sentences. [DE 84 at 17]. Essentially, Chaney argues that if sentenced today, he would have a lower sentence; and as a consequence, his current sentence is "unusually long." [*Id.*]. Chaney does not appear to separately request a reduction of sentence, but rather, argues this as another factor that the Court should consider for compassionate release. [*Id.*]. Having already rejected Chaney's expansive view of "other reasons" to consider under § 1B1.13, however, the Court will consider his arguments as an alternative request for a sentence reduction under 18 U.S.C. § 3582(c)(2).

To be eligible for a sentence reduction under § 3582(c)(2), a defendant's original sentence must be based on his advisory guidelines range and (1) a later amendment to the guidelines lowered that range, and (2) the amendment has been made retroactive. *United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017). The Armed Career Criminal Act ("ACCA") imposes a mandatory minimum sentence of 180 months for a conviction under 18 U.S.C. § 922(g) if the defendant has three or more previous convictions for either "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). The ACCA enumerates burglary as one of several "violent felonies" that can enhance a defendant's felon-in-possession

12

sentence. 18 U.S.C. §§ 924(e)(1), (e)(2)(B)(ii). Even after the First Step Act was enacted, this Court has held that Kentucky second-degree burglary categorically qualifies as generic burglary under the ACCA's enumerated-offenses clause, and is therefore a "violent felony." *United States v. Malone*, 889 F.3d 310 (6th Cir. 2018); *see also United States v. Moody*, 634 F. App'x 531, 534 (6th Cir. 2015)(concluding that a Kentucky second-degree burglary conviction constitutes a crime of violence for a career-offender enhancement under the Sentencing Guidelines); *United States v. Walker*, 599 F. App'x 582, 583 (6th Cir. 2015); *United States v. Brown*, 957 F.3d 679 (6th Cir. 2020).

When Chaney pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), he qualified for enhanced sentencing under the ACCA due to his three prior second-degree burglary charges in Kentucky. These burglary convictions were classified as "violent felonies" pursuant to 18 U.S.C. § 922(e), and were therefore predicate offenses for an enhanced sentence.

Notwithstanding, even if Kentucky second-degree burglary no longer qualified as a predicate violent felony, to be eligible for a sentence reduction under § 3582(c)(2), Chaney must also show that the guidelines amendment has been made retroactive. *See* U.S.S.G. § 1B1.10(a)(2)(A); *Cook*, 870 F.3d at 467. The Sixth Circuit has held that the First Step Act's statutory changes to

13

qualifying prior convictions are limited and do not apply to all case sentenced prior to its effective date of December 21, 2018. *United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019); *United States v. Richardson*, 948 F.3d 733 (6th Cir. 2020). Thus, Chaney having been sentenced prior to the First Step Act's effective date, his violent felony convictions do not benefit from any retroactivity.

Moreover, the 180-month sentence imposed for Chaney's conviction of being a felon in possession of a firearm, enhanced pursuant to the ACCA, was not unreasonably long, given that the sentence was below the correctly calculated guidelines range of 188 to 235 months. [DE 67 at 15]. For these reasons, Chaney is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

**C. Motion for Additional Evidence and for an Evidentiary Hearing**

Since filing his motion for compassionate release, Chaney has also filed two additional motions—a motion to present additional evidence [DE 92], and a motion for an evidentiary hearing [DE 93]. Together, Chaney requests this Court grant him an evidentiary hearing so that he may introduce evidence of an employee from the BOP that will testify the application of Program Statement 5050.50. Chaney contends that a hearing is necessary because the application of Program Statement 5050.50 is a factual dispute. The Court disagrees.

14

As the Sixth Circuit has explained, there is no entitlement to a plenary hearing under § 3582(c); nor is there an absolute right to an evidentiary hearing. *United States v. Collier*, 424 F. App'x 522 (6th Cir. 2011); *Dillon v. United States*, 560 U.S. 817, 825-28 (2010); *United States v. Grant*, 636 F.3d 803, 811-15 (6th Cir. 2011). Even so, testimony from the BOP would not assist the Court in settling any factual issues here. Chaney contends that a BOP employee would testify to the Program Statement's contents, not to any factual circumstances surrounding Chaney's request. That is a question of interpretation, not a factual dispute.

While it is true that Program Statement 5050.50 lists additional considerations for the early release of elderly inmates and inmates suffering from various health issues, as discussed above, these reasons are the only "other reasons" that the Court is permitted to consider. Ultimately, the evidence and testimony that Chaney seeks to introduce would not assist the Court's consideration of his request for early release. Nor does it alter the precedent of this Court. *Washington*, 2019 WL 6220984, at *1-2; *Lake*, 2019 WL 4143293, at *2; *Singleton*, 2020 WL 2319694, at *2; *Hickman*, 2020 WL 2838544, at *2-3. Thus, the Court will deny Chaney's evidentiary motions [DEs 92, 93].

### D. Motion for Recommendation of Home Confinement

Finally, Chaney also asks the Court to recommend him for home confinement. However, this request will also be denied. Such

15

placement decisions are within the sole discretion of the BOP, and the Court has no such authority to determine where Chaney should serve his sentence. United *States v. Cobb*, No. 6:08-cr-00111-GFVT-EBA, 2020 WL 3723237, at *3 (E.D. Ky. July 6, 2020); *See United States v. McCann*, No. 5:13-52-KKC, 2020 WL 1901089, at *3 (E.D. Ky. April 17, 2020); *United States v. Brummett,* No. 6:07-103-DCR, 2020 WL 2950351 (E.D. Ky. June 3, 2020). As the United States noted, this Court did give a recommendation that Chaney's federal sentence run concurrent to his state sentence for his robbery convictions. [DE 83]. The BOP subsequently recalculated Chaney's release date from August 6, 2025 to January 27, 2023. [DE 88 at 7]. Nevertheless, considering the Court's limited authority with regard to placement decisions, Chaney's request for home confinement is a determination best left to the BOP.

### III. CONCLUSION

After a sentence has been imposed, it generally cannot be modified unless such authority is granted by statute. *Dillon*, 560 U.S. at 819. Although 18 U.S.C. § 3582 permits a court to modify a sentence, defendants must meet certain criteria to demonstrate extraordinary or compelling reasons for early release, or that they are entitled to a reduction. Here, Chaney has not demonstrated any extraordinary or compelling reasons recognized by the BOP or this Court to justify compassionate release. Nor would the testimony he proposes alter this fact. While his family

16

circumstances are unfortunate and the Court again commends Chaney on his rehabilitative efforts, at this time, Chaney does not meet the criteria for early release or a sentence reduction under 18 U.S.C. § 3582 and the applicable policy statements. For these reasons and the reasons set forth above, Chaney's motions [DEs 84, 92, 93, 94] shall be **DENIED**.

Accordingly, **IT IS ORDERED** as follow:

(1) Defendant Steven Chaney's motion for compassionate release under 18 U.S.C. § 3582(c)(1), or reduction of sentence under 18 U.S.C. § 3582(c)(2), [DE 84], is **DENIED**;

(2) Defendant Chaney's motion to file additional evidence [DE 92] is **DENIED**;

(3) Defendant Chaney's motion for an evidentiary hearing [DE 93] is **DENIED**; and

(4) Defendant Chaney's motion for a recommendation [DE 94] is **DENIED**.

This 23rd day of July, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

17