UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 5:09-CR-55-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **and ORDER** |
| STEVEN CHRISTOPHER CHANEY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

Steven Chaney is a 32 year-old inmate, currently incarcerated at the United States Penitentiary (USP) in Tucson, Arizona. According to the Bureau of Prison's (BOP) Inmate Locator, Chaney's release date is on January 27, 2023. This matter is now before the Court on Chaney's motion for reconsideration on the denial of his compassionate release motion. For the following reasons, Chaney's motion (DE 147) is denied.

**I.   Background**

On October 29, 2009, Chaney pleaded guilty to one count of possession of a firearm by a convicted felon. (Minute Entry: DE 23). The conviction stems from the theft of a firearm from a law enforcement officer during an attempted escape in March 2009. (Presentence Report: DE 67, ¶¶ 6-11). Because his criminal history included three prior burglary convictions, he was designated an Armed Career Criminal, and sentenced to the statutory minimum

sentence of 180 months of imprisonment. (*Id.* at 6, ¶¶ 24, 35; Judgment: DE 32).

Chaney began seeking compassionate release in April 2020; since then, the record reflects his repeated pattern of filing of miscellaneous documents, including letters to the Clerk and the Court, as well as supplemental case law and motions in support of his pursuit for this kind of relief. *See e.g.*, DE 84, 85, 87, 89, 91, 92, 93, 103, 105, 106, 108, 109, 110, 119, 122, 123, 125, 127, 128, 131 & 136).

The Court denied Chaney's most recent motion for compassionate release on July 21, 2021. (DE 144). Now, Chaney argues that the Court erred in finding that he was not "immunocompromised" and that there were no extraordinary and compelling reasons warranting his release. He also argues that he is rehabilitated, and that the Court failed to consider other kinds of available sentences available to him. (DE 147 at 4-6).

## II.  Analysis

"[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Guzman*, No. 5:16-CR-41- JMH-EBA, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 16, 2019) (citation and quotation marks omitted). The standard for a motion to reconsider under Rule 59(e) is "necessarily high." *Hewitt v. W.*

& S. Fin. Grp. Flexibly Benefits Plan, No. 16-120-HRW, 2017 WL 2927472, at *1 (E.D. Ky. July 7, 2017). A court may only grant a Rule 59(e) motion if the moving party shows (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

"District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." United States v. Jones, 980 F.3d 1098, 1114 (6th Cir. 2020). "But as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court[,] a district judge need not specifically articulat[e] its analysis of every single § 3553(a) factor." Id. (emphasis in original) (citations and quotation marked omitted). In undertaking this analysis, "[t]he district court has substantial discretion." United States v. Ruffin, 978 F.3d 1000, 1005 (6th Cir. 2020).

Chaney argues that the Court should reconsider its previous opinion to correct a clear error of law or prevent a manifest injustice. (DE 147 at 3-4). He first claims that the Court did not consider the extent of his immunocompromised status, and that "[n]ew evidence demonstrates … [he] is at increased risk" given this status. (Id. at 4).

The Court previously considered Chaney's medical records and has reviewed them again for purposes of this motion. As an initial matter, Chaney was diagnosed with COVID-19 on November 9, 2020, and had recovered by November 25, 2020. (DE 141-5 at 38). As of April 14, 2021, Chaney had received both doses of the Moderna vaccine, and thus, was fully vaccinated. To the extent that he is fearful of contracting the virus again, Courts have generally found that any fears in contracting the virus while incarcerated is not an "extraordinary and compelling" reason to grant compassionate release. *See United States v. Wood*, No. 2:12-cr-27-1, 2021 WL 1134772, at *5 (E.D. Tenn. Mar. 24, 2021); *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) ("Courts have been reluctant to find that generalized fears of contracting COVID-19, without more, constitute a compelling reason." (citation omitted)).

The Court recognizes that Chaney has irritable bowel syndrome (IBS). However, this condition is not life threatening and it is not terminal; rather, it is a common disorder for which Chaney has been, and continues to receive treatment. The Court has reviewed the entire record, and continues to find that that his present circumstances are **no different** than any other defendant incarcerated during the COVID-19 pandemic.

Additionally, contrary to Chaney's characterization otherwise, the Court considered all of the relevant § 3553(a) factors as required. Chaney's conviction and criminal history reflects a serious pattern of danger to society. In its decision, the Court plainly outlined all of the § 3553(a) factors, explicitly discussing its analysis of the § 3553(a) factors related to the nature and circumstances of Chaney's crimes, his criminal history, his sentencing guideline range, his time served, and his need for further rehabilitation. Therefore, the opinion as a whole demonstrates that the Court took into account the pertinent § 3553(a) factors when deciding whether to grant Chaney compassionate release.

In short, Chaney has not shown that the Court's opinion contained any error "so egregious that an appellate court could not affirm the district court's judgment." *United States v. Combs*, Criminal Action Nos. 6:04-54-DCR, 7:01-17-DCR, Civil Action No. 6:09- 7069-DC, 2012 WL 4460745, at *1 (E.D. Ky. Sept. 26, 2012).[1]

Chaney has also failed to provide any explanation as to how the Court's previous opinion constituted a manifest injustice.

---

[1] To the extent that Chaney argues that the Court did not address the kinds of sentences available, the Court thoroughly articulated that his release was simply **not** appropriate. Therefore, the Court need not address any supplemental arguments, tangential or otherwise, as they are not warranted and would not alter the Court's analysis.

Given the high standard for granting motions for reconsideration and the substantial discretion the Court has in deciding motions for compassionate release, the Court cannot find that reconsideration is necessary in these circumstances.

### III. Conclusion

Chaney is projected to be released in January 2023. To deter future criminal conduct, promote respect for the law, and provide just punishment, early release is not appropriate. Chaney must commit to fulfilling the remainder of his rather short time left in prison to focus on a complete rehabilitation process in order to ensure that he will lead a quality life upon his release.

For the reasons stated herein, IT IS ORDERED that Defendant Steven Chaney's motion for reconsideration (DE 147) is DENIED.

This the 17th day of August, 2021.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge