UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>   Plaintiff, )<br>)<br>V. )<br>)<br>STEVEN CHRISTOPHER CHANEY )<br>)<br>   Defendant. ) | Criminal No. 5:09-55-JMH<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant Steven Chaney's Motion for Indicative Ruling Pursuant to Rule 37 of the Federal Rules of Criminal Procedure. (DE 161). For the reasons that follow, Chaney's Motion is DENIED.

**I.**

On January 28, 2010, Chaney was sentenced to 180 months of imprisonment, followed by five years of supervised release, for violating 18 U.S.C. § 822(g)(1) as a convicted felon in possession of a firearm. (DE 32). His quests for post-conviction relief that followed all proved unsuccessful. (*See* DE 45; DE 65; DE 70).

In June 2020, Chaney filed his first motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). (DE 84). He reasoned that his young age at the time of his convictions, coupled with his rehabilitation efforts while in

prison, and the failing health of his mother and grandparents, justified early release. (*Id.* at 2). He added that he would not be a danger to society if he were to be released. (*Id.* at 25-26). In June 2020, Chaney moved to file additional evidence, as well as requested that the Court hold an evidentiary hearing. (DE 92 & 93). Further, Chaney asked that the Court recommend him to the BOP for home confinement. (DE 94). The Court denied these requests. (DE 95). Chaney appealed the Court's decision to the Court of Appeals for the Sixth Circuit; however, he later moved to dismiss the appeal. (DE 96; *see also* DE 107).

In the interim, however, while Chaney's appeal was pending and before it had been dismissed, he filed his second motion for compassionate release. (DE 103). The Court, recognizing that the appeal was pending before the Sixth Circuit, denied the motion without prejudice for being without jurisdiction to consider matters involved in his appeal. (DE 104). Then, in December 2020, after his request to voluntarily dismiss the appeal before the Sixth Circuit was granted, Chaney filed his third motion for compassionate release, as well as an amended motion for compassionate release. (DE 108 & 109). Chaney filed a supplemental motion for compassionate release on April 20, 2021. (DE 136). In these new motions, Chaney now argued that his medical conditions constituted extraordinary and

compelling reasons warranting a sentence reduction. Specifically, he alleged that his irritable bowel syndrome ("IBS") put him at an increased risk for severe illness or death from COVID-19. He also argued that he is still recovering from a previous COVID-19 infection, and that those lingering effects also put him at an increased risk of serious illness or death should he become reinfected. (DE 109 at 16-21). The Court denied Chaney's motions on July 21, 2021. (DE 144). Chaney sought reconsideration from this Court on the denial of his motions (DE 147), which the Court subsequently denied (DE 148).

On October 14, 2021, Chaney filed a sixth motion for compassionate release. (DE 150). He also filed a motion for judicial notice. (DE 151). Therein Chaney reiterated all of his previously-asserted arguments. He also alleged that he had been denied a third dose of the Moderna vaccine on the basis of his immunocompromised status. (DE 150). The Court construed Chaney's argument as one which alleged a grievance with the designated USP officials, on the basis of having been denied a booster shot. (DE 152). The Court advised Chaney that, at the time, no booster shot of the Moderna vaccine was being administered at the time. (*Id.*). Chaney promptly appealed. (DE 153). The appeal is currently pending before the Sixth Circuit.

(DE 154; USCA Case No. 21-6000, *United States of America v. Steven Chaney*).

Pending now before the Court is Chaney's Motion for Indicative Ruling pursuant to Rule 37. (DE 161). Therein, Chaney argues that the Court misconstrued his previous arguments. He states that he was not seeking a booster shot of the Moderna vaccine; rather, he was seeking a full third dose of the vaccine, as the CDC has authorized for immunocompromised individuals. (*Id.*).

Unfortunately, however, Chaney's appeal seeks the same ultimate relief as his most recent motion: a reduction in his sentence. The presence of two pending proceedings on the same issue (*i.e.*, the length of his sentence) risks inconsistent rulings from the Sixth Circuit and this Court on that issue. As such, the Court will conclude that it lacks jurisdiction to grant the instant Motion. *See Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

When confronted with the current posture of this case, and a timely motion is made for relief that the court lacks authority to grant due to an appeal that has been docketed and

is pending, the court is limited to the confines of Rule 37. The Court may:

> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a). This third option, also known as an "indicative ruling," is the course that Chaney asks the Court to take. *United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015). The Court may thus "state either that it would grant the motion if the court of appeals remands for that purpose or [state] that the motion raises a substantial issue." Fed. R. Crim. P. 37(a)(3). The movant must then notify the clerk of the court of appeals of the district court's ruling. *See Maldonado-Rios*, 790 F.3d at 64; *see also* Fed. R. App. P. 12.1(a). Pursuant to Rule 37, the Court exercises its power to consider, and consequently deny, the instant Motion.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."

18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has determined that the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

As grounds for compassionate release, Chaney continues to

argue that he is immunocompromised due to his IBS. And, while Chaney contends that he remains concerned regarding contracting the coronavirus, Chaney was diagnosed with COVID-19 in early November 2020 and evidence suggests that he made a full recovery. (DE 114). The record also shows that Chaney received his first dose of the Moderna vaccine on March 18, 2021, the second dose on April 14, 2021, and an additional dose on November 8, 2021. (DE 158). To the extent that Chaney remains fearful of contracting the virus again, courts have generally found that any fears in contracting the virus while incarcerated is not an "extraordinary and compelling" reason to grant compassionate release. *See United States v. Wood*, No. 2:12-cr-27-1, 2021 WL 1134772, at *5 (E.D. Tenn. Mar. 24, 2021); *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see United States v. Bothra*, No. 20-1364, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) ("Courts have been reluctant to find that generalized fears of contracting COVID-19, without more, constitute a compelling reason." (citation omitted)).

The Court recognizes that Chaney does have some medical conditions. However, his reported conditions are not life threatening and are not terminal; rather, they are common conditions for which Chaney has been, and continues to receive treatment. The Court has reviewed the entire record, and finds that that his present circumstances are **no different** than any other

defendant incarcerated during the COVID-19 pandemic.

Assuming, hypothetically, that the Court *did* find that extraordinary and compelling reasons exist, the Court would still have to consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the  defendant;
>
> (2)   the need for the sentence imposed--
>> A. to reflect the seriousness of the offense, to promote respect for the  law, and to provide just punishment for the offense;
>> B. to afford adequate deterrence to criminal conduct;
>> C. to protect the public from further crimes of the defendant; and
>> D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3)   the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors at Chaney's sentencing hearing (DE 60) and has reconsidered them for purposes of this motion. A review of Chaney's presentence report reflects Chaney's inability to serve as a law abiding citizen. (*See* DE 67, ¶¶ 29-40). As an initial matter, he was convicted of burglary on three separate occasions, in Madison, Clark, and Lee Counties, in 2007 and 2008. Then, while serving parole for those convictions, he was charged with involvement in a robbery. While being transported from the Madison Circuit Courthouse after a March 4, 2009, appearance on those robbery charges, he broke free from a deputy sheriff, took the deputy's firearm, and pointed the firearm at the deputy.

Chaney's past conduct is exemplary of Chaney's inability to conform to the rule of law and follow basic societal norms. According to the BOP inmate locator, Chaney is projected to be released on January, 27, 2023. Instead of finding pretexts to justify his early release, the Court urges Chaney to reflect on his past crimes, and focus on his journey towards rehabilitation in order to ensure that he will lead a quality life upon his release. Accordingly, in consideration of the § 3553(a) factors, the need for Chaney's remaining prison term to deter future criminal conduct, promote respect for the law, and to provide just punishment, the Court continues to find that his release would be inappropriate.

### III.

Chaney has not demonstrated that extraordinary and compelling reasons exist for his early release or that the sentencing factors contained in 18 U.S.C. § 3553(a) support a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated herein,

IT IS ORDERED as follows:

(1) Steven Chaney's Motion for Indicative Ruling pursuant to Rule 37 (DE 161) is **DENIED.**

(2) The Court has reconsidered its previous denials of Chaney's previous motions for compassionate release, and **FINDS** that such motions were appropriately denied. If the Court were to have jurisdiction, the Court would again deny Chaney's renewed request for compassionate release.

This the 4th day of February, 2022.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge